# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAYMOND BLOW,<br><br>             Petitioner,<br><br>    v.<br><br>DENNIS SMITH,<br><br>             Respondent. | 1:08-cv-00363 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant petition for writ of habeas corpus on March 13, 2008.  (Court Doc. 1.)  Petitioner indicates that he was convicted in the United States District Court for the Southern District of Mississippi.  He is currently incarcerated at the United States Penitentiary, Atwater California.

    Petitioner contends that: (1) the prior convictions were improperly consolidated to enhance his sentence; (2) denial of any points for acceptance of responsibility in a plea bargain case is illegal; (3) his counsel was ineffective; and (4) it was illegal to use the conviction on state charges as priors in federal court.

    A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988);  <u>Thompson v.</u>

1

1  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
2  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing
3  court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a
4  federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28
5  U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at
6  1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
7         In contrast, a federal prisoner challenging the manner, location, or conditions of that
8  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
9  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
10 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
11 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79
12 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
13 United States, 610 F.2d 672, 677 (9th Cir. 1990).
14         A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
15 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
16 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
17 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
18 recognized that it is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
19 (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
20 motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054,
21 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
22 does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
23 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
24 Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
25 petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams
26 v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,
27 United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
28 § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden

1 is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United
2 States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

3     As Petitioner clearly indicates on his form petition, he is challenging his conviction and
4 sentence. (Petition, at 1.) As such, Petitioner's claims must be raised by way of a § 2255
5 motion. Although Petitioner states that he has previously filed a § 2255 motion which was
6 denied, this is insufficient to demonstrate that § 2255 relief is inadequate or ineffective. <u>See
7 Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to
8 render § 2255 inadequate.)

9 <center>RECOMMENDATION</center>

10     Based on the foregoing, it is HEREBY RECOMMENDED that:

11     1.    The petition for writ of habeas corpus be DISMISSED; and

12     2.    The Clerk of Court be directed to enter judgment, terminating this action.

13     These Findings and Recommendations are submitted to the assigned United States
14 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
15 304 of the Local Rules of Practice for the United States District Court, Eastern District of
16 California. Within thirty (30) days after being served with a copy, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections
19 shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
20 service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to
21 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
23 F.2d 1153 (9th Cir. 1991).

24

25 IT IS SO ORDERED.

26 **Dated:   March 24, 2008**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE
27

28